**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

LOWES HOME CENTERS, LLC
d/b/a Lowe's #2904,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant Lowes Home Centers, LLC doing business as Lowe's #2904 home improvement store, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

## PARTIES

3. Plaintiff Jesus Gonzalez is a resident of the state of Florida and has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage

1

due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

4. Defendant Lowes Home Centers, LLC is a foreign for-profit corporation which is authorized to conduct, and is conducting, business within the jurisdiction of this court. Defendant is a big box home improvement retailer. Lowes Home Centers, LLC is a subsidiary of Lowe's Companies, Inc., which is a NYSE publicly traded corporation, which is part of the S&P 100 and 500 components. The parent corporation has 2,015 locations throughout the United States and Canada.

**FACTS**

5. At all times material hereto, Defendant was (and is) a company owning and operating home improvement/hardware stores under the "Lowe's" brand which are open to the public. Lowe's stores sell lumber, paint, plumbing supplies, lighting, kitchen appliances, carpeting, storm windows, furniture, and about anything else you can imagine for home improvement projects. In addition, many Lowe's locations contain a nursery which sells house plants and outdoor landscaping greenery.

6. Each of the Defendant's home improvement/hardware stores (including Lowe's #2904) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation since they are hardware stores which are defined as "other" sales establishments; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5). Accordingly, Lowe's #2904 is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E). Lowe's #2904 is also referenced as a "home improvement/hardware store," "Lowe's located at 9191 SW 137 Avenue," or "place of public accommodation."

7.  As the owner and operator of hardware stores which are open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a hardware store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

8.  Defendant is also the owner of commercial real property identified as Folio 30-5902-049-0010, which is located at 9191 SW 137 Avenue, Miami Florida 33186, which is built out as the Lowe's #2904 home improvement center (hardware store).

9.  Due to frequenting the area near Defendant's public accommodation at 9191 SW 137 Avenue, on August 8, 2021 Plaintiff went to Lowe's with the intent of purchasing items for his home.

10. While Plaintiff was shopping in Lowe's, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Lowe's #2904 home improvement store. As a consequence, Plaintiff left the store feeling excluded, humiliated and dejected.

12. On information and belief, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its home improvement/hardware stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Lowe's #2904 hardware store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. Further, as an investor in commercial property, Defendant is aware of the ADA and the need to provide for equal access within its 9191 SW 137 Avenue commercial property. Therefore, Defendant's failure to insure its commercial property reasonably accommodates individuals with disabilities is/was willful, malicious, and oppressive and in disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

14. This discrimination resulted in Defendant denying Plaintiff full and equal access to, and full and equal enjoyment of, its Lowe's home improvement store, which is the subject of this lawsuit.

15. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize the 9191 SW 137 Avenue Lowe's hardware store, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public

accommodations and places of public accommodation to have failed to comply with the legislation.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's 9191 SW 137 Avenue Lowe's hardware store, but because Plaintiff perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access due to barriers to access which could have been removed if Defendant had followed Americans with Disabilities Act Accessibility Guidelines (AADAG) and insured its store was in compliance with ADAAG guidelines. Because Defendant failed to remove these barriers to access, Plaintiff has been denied adequate accommodation and has suffered an injury in fact.

22. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its home improvement store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to remove access barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to, and the benefits of, all the accommodations and services offered at the 9191 SW 137 Avenue Lowe's hardware store.

24. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant's 9191 SW 137 Avenue commercial property and the Lowe's home improvement store operated therein is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and Defendant is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

   ii. Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors

|      |                                                                                                                                                                                                                                                                                                                                                                                                                                 |
|------|---|

shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 which states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii. Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

iv. Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

v. Plaintiff could not use the lavatory outside the stall without assistance, as it is mounted too high. The lavatory sink is mounted over the required height to the top of the counter above the finished floor in violation of the requirements in Section

|     |     |
| --- | --- |
|     | 4.19.2 of the ADAAG as well as Section 606.3 and Section 604.4 (as related to the faucet within that sink) of the 2010 ADA Standards for Accessible Design. |
| vi. | Plaintiff could not use the soap dispenser outside the stall without assistance, as the lavatory soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG.  This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground. |
| vii. | Plaintiff could not use the paper towel dispenser outside the stall without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1 and Section 308.2.2, which states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. In this instant case, the towel dispenser is higher than the high forward reach guidelines.  This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)). |

27. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendant is required to ensure that its commercial property and home improvement store located therein are accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter its commercial property and home improvement store located therein such that it is readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Lowes Home Centers, LLC and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its 9191 SW 137 Avenue commercial property and the Lowe's #2904 home improvement store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 27th day of September, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.

9

J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*